**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BIANCA TABARESTANI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO.:_____ |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, ERIC | § | |
| DAVID SAVENER and VALERIE | § | |
| RILEY, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND VALERIE RILEY'S NOTICE OF REMOVAL

Defendants United Property & Casualty Insurance Company ("UPC") and Valerie Riley ("Riley") (collectively, "Defendants") file this Notice of Removal:

### I.    Background

1.     On January 29, 2016, Plaintiff Bianca Tabarestani ("Plaintiff") filed this lawsuit in Fort Bend County, Texas, naming UPC and Riley as Defendants.

2.     Plaintiff served UPC with a copy of the Petition on February 16, 2016.

3.     Plaintiff served Riley with a copy of the Petition on February 19, 2016.

4.     Upon information and belief, Eric David Savener ("Savener") has not been served.

5.     Defendants file this notice of removal within 30 days of receiving Plaintiff's initial pleading.  *See* 28 U.S.C. § 1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

6.     As required by Local Rule 81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an Index of Matters Being

Filed. A copy of the Docket Sheet is attached as Exhibit "B." A copy of Plaintiff's Original Petition is attached as Exhibit "C." A copy of letter requesting issuance of citations is attached as Exhibit "D." A copy of a Notice from the Court is attached as Exhibit "E." A copy of the Citation issued to United Property & Casualty Insurance Company is attached hereto as Exhibit "F," a copy of the citation issued to Valerie Riley is attached as Exhibit "G," and a copy of the Citation issued to Eric David Savener is attached as Exhibit "H." A copy of the Return of Service for United Property & Casualty Insurance Company is attached as Exhibit "I" and a copy of the Return of Service for Valerie Riley is attached as Exhibit "J." Defendant United Property & Casualty Insurance Company's Original Answer is attached as Exhibit "K" and a copy of Valerie Riley's Original Answer is attached as Exhibit "L." A copy of a request for copies to the District Clerk's Office is attached as Exhibit "M." Finally, the list of Counsel and Parties to the Case is attached as Exhibit "N." A copy of this Notice is also being filed with the state court and served upon the Plaintiff.

7.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Fort Bend County, Texas, the place where the removed action has been pending.

## II.      Basis for Removal

8.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A.      The Proper Parties Are Of Diverse Citizenship.

9.      Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas.

10.    UPC was at the time this action was commenced, and still is, a foreign (Florida) property and casualty insurance company authorized to do business in the State of Texas. UPC is organized under Chapter 982 of the Texas Insurance Code.

11.    Riley is, and was at the time the lawsuit was filed, a resident and citizen of Florida.

12.    Upon information and belief, Savener is and was at the time the lawsuit was filed, a resident and citizen of the State of Texas.  With respect to the claims against Savener, it is UPC and Riley's position that Savener has been fraudulently joined in this action.  Therefore, the Texas citizenship of Savener should be disregarded for the purposes of evaluating diversity in this matter.

13.    When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990).  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party.  *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

14.    Here, Plaintiff asserts generic claims against Savener for violations of the Texas Insurance Code and violations of the Deceptive Trade Practices Act.  *See* Pl's Orig. Pet., Exhibit C, ¶¶ 37-42 and 49-53).  Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Savener because no real facts relating to him have been set forth.  Plaintiff's claims against Savener consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action.  *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007); *see also Ashcroft v Iqbal,*

556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiff cannot "establish a cause of action against [Savener] in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.). Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Savener, his presence should be disregarded in determining diversity jurisdiction.

15.     Because Plaintiff is a citizen of Texas and Defendants UPC and Riley are citizens of Florida, complete diversity of citizenship exists among the proper parties.

**B.      The Amount in Controversy Exceeds $75,000.00.**

16.     This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff's Petition expressly alleges that "Plaintiff seeks monetary relief between $100,000.00 and $200,000.00." *See* Exhibit C ¶ 7.

### III.     Conclusion and Prayer

17.     Accordingly, all requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. United Property & Casualty Insurance Company and Valerie Riley hereby remove this case to this Court for trial and determination.

Respectfully submitted,

By:    /s/ Rhonda J. Thompson
       RHONDA J. THOMPSON, ATTORNEY-IN-CHARGE
       rthompson@thompsoncoe.com
       State Bar No. 24029862
       Southern District No.: 17055
       SHANNON BECK
       sbeck@thompsoncoe.com
       State Bar No. 24092102
       Southern District No.: 2715159

**THOMPSON, COE, COUSINS & IRONS, LLP.**
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
(214) 871-8200 - Telephone
(214) 871-8209 – Fax

-and-

**CHRISTOPHER H. AVERY**
cavery@thompsoncoe.com
State Bar No.:  24069321
Southern District No.:  1048591

**THOMPSON, COE, COUSINS & IRONS,L.L.P.**
One Riverway, Suite 1400
Houston, Texas  77056-1988
(713) 403-8203  Telephone
(713) 403-8299  Facsimile

**COUNSEL FOR DEFENDANTS**
**UNITED PROPERTY & CASUALTY**
**INSURANCE COMPANY AND**
**VALERIE RILEY**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 17th day of March, 2016, the foregoing pleading was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Bryant Fitts
Carla R. Delpit
Fitts Law Firm, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, TX  77056
Fax:  (713) 583-1492
*Counsel for Plaintiff*

/s/ Rhonda J. Thompson
Rhonda J. Thompson